## WHEELING.

### LAMB, TRUSTEE, *v.* PANNELL'S ADM'R.

Submitted September 20, 1883.—Decided December 6, 1884.

[The syllabus in this case is the same as in Lamb *v.* Cecil, *supra.*]

Statement by JOHNSON, PRESIDENT:

The bill filed in this cause by Daniel Lamb, trustee of the Wheeling Savings Institution, in the circuit court of Ohio county in March, 1876, was for the purpose of recovering some $7,841.50 alleged to have been improperly drawn from the said institution on February 23, 1871.

The bill is substantially the same as that filed by the same trustee against A. J. Cecil in *Lamb, trustee* v. *Cecil, supra.* The answer filed by W. P. Hubbard, administrator of the estate of A. J. Pannell, deceased, is also substantially the same as that filed by Cecil in said cause; and the demurrer to the bill was the same. The demurrer was overruled. The plaintiff tendered an amended bill setting up more particularly the negligence of the directors in the management of said institution, whereby, it was alleged, if the said institution lost $300,000.00, and prayed that the plaintiff might receive that amount of damages against said directors, and also charged that under the circumstances the said Pannell had no right to withdraw his deposits from said bank, and prayed that the said administrator might be required to pay the plaintiff the amount of the deposits so improperly drawn out of said institution. No directors were made defendants, but the only defendant made to said bill was the administrator of said A. J. Pannell.

Depositions were taken, and the cause was heard on the 31st day of May, 1883, and a decree was rendered against the estate of said Pannell for the full amount of the deposits so withdrawn and interest less the dividends said estate was entitled to receive from said fund.

From this decree the administrator of Pannell appealed.

*John E. McKennan* for appellant.

*Caldwell & Caldwell* for appellee.

Johnson, President:

If it were intended for a bill to charge the directors for the amount of the damage suffered by the bank by reason of the negligence or fraud of the directors in the management of the affairs of the bank, then all the directors should have been made defendants. But if it is to be regarded as a bill to compel the administrator to pay back the amount of the deposit improperly withdrawn from the bank by the defendant's intestate, A. J. Pannell, then the bill is multifarious. The court did not err in refusing to permit said bill to be filed.

By the deposition of Joseph Paull it appears, that A. J. Pannell did not draw any money from said bank on his check; but that the check of A. J. Pannell for $7,841.50 was by the cashier or treasurer, A. C. Quarrier, paid with the discounted bills and notes, the property of the bank, amounting in the aggregate to $8,000. For the reasons stated in *Lamb* v. *Cecil, supra*, this was a fraud; and Pannell acquired no title whatever to said bills and notes, the charter of said institution conferring no power upon the treasurer to dispose of the property of the bank, and no authority for that purpose, so far as the record discloses, having been conferred upon him by the board of directors.

While the proof in the cause shows the right of the plaintiff to recover, yet he cannot obtain relief upon his bill filed, as the case made by his bill is variant from the case proved. But as the object of the bill was to compel the payment of the *amount of funds* claimed to have been improperly drawn from the bank by said Pannell, and as the proof shows that he did not withdraw *funds* but the value thereof in property of the bank, to which the treasurer could pass no title to him, the object of the original bill is not so different from that of the amended bill to compel the payment of the value of said property, as would under the established rules of chancery pleading prevent such amendment. The plaintiff will therefore be permitted to amend his bill.

The same points arose and were relied on in this case as in the foregoing case of *Lamb* v. *Cecil*, and are of course decided in the same way and the reasons therefor are stated in

the opinion in said cause. We deem it unnecessary to pass upon the demurrer to the bill, as the case proved is so different from the case stated in the bill. As A. C. Quarrier, who gave the said Pannell said bills and notes without authority, participated in the said fraud, he should be made a party to said amended bill when filed. Of course what is said here is on the supposed case made by the proof. A different case may be made when the cause is reheard.

The decree of the circuit court of Ohio county rendered in this cause on May 31, 1883, is reversed with costs to the appellant to be paid out of the assets of the said Wheeling Savings Institution; and this cause is remanded to the circuit court of Ohio county with leave to the plaintiff to file an amended bill, as indicated in this opinion, and for further proceedings.

REVERSED. REMANDED.